UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LINDA JAUREGUI,<br><br>Defendant. | Case No. 4:07-cr-00187-BLW<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Before the Court is Defendant Linda Jauregui's Motion for Release from Supervised Release. Dkt. 465. The Government has filed its Response. Dkt. 471. For the following reasons, the Court will grant the motion.

## BACKGROUND

On June 25, 2009, Ms. Jauregui was sentenced to a term of imprisonment of 130 months and a term of supervised release of ten years following her plea of guilty to a charge of conspiracy to possess/distribute methamphetamine. Dkt. 358.

**ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE - 1**

She thereafter commenced her term of supervision on April 12, 2017, which is due to be satisfied on April 11, 2027. Now, having served slightly more than five years on supervision with no issues or violations, she moves for early termination.

As grounds for her motion, Ms. Jauregui states that she has significant health issues, including a diagnosis of Multiple Sclerosis, requiring regular doctor visits, infusions, and blood work; that she has been very proactive in addressing her physical and mental health and addiction issues; that she has the unqualified support of her various treatment providers evidenced by letters accompanying her motion; and that she completed the BOP RDAP program as well has many other classes and programs while incarcerated. Significantly, Ms. Jauregui lives across the street from her brother who is extremely helpful and supportive. She would like to volunteer with treatment groups at the jail to mentor others. She needs to be free from supervision to be permitted to do so.

The Government has consulted with the supervising Probation Officer who confirmed that she is not opposed to Ms. Jauregui's early termination of supervised release stating that Ms. Jauregui had no compliance issues and has been an excellent supervisee. Based on Ms. Jauregui's age of 62, her health issues, the strong support of her treatment providers, and the other information submitted with the motion, the Government likewise has no objection to early termination.

## ANALYSIS

After consideration of the 18 U.S.C. § 3553(a) sentencing factors,[1] a court may terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Just as a court has broad discretion in imposing terms of supervised release, it has broad discretion to consider a "wide range of circumstances" in determining whether to terminate an individual's supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)).

---

[1] Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) deterrence;
(3) protection of the public;
(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
(5) the sentence and sentencing range established for the category of defendant;
(6) any pertinent policy statement by the Sentencing Commission;
(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

Here, although Ms. Jauregui's offense was serious, and the long term of supervision initially warranted, her circumstances have changed. From the documentation submitted with her motion, it is apparent that Ms. Jauregui worked hard while incarcerated to change the course of her life and has continued on that trajectory throughout the five years since her release. Her treatment providers not only are effusive in their praise of her dedication to physical and mental health and rehabilitation, they also are enthusiastic about her plans to become a peer support provider and mentor once her supervision is ended. Dkts. 465-1, 2, 3, and 4.

Importantly, neither the Government nor the Probation Officer opposes early termination. There does not appear to be any benefit to Ms. Jauregui or to the public to continue supervision at this time. Rather, it would be a benefit to others facing similar issues as those faced by Ms. Jauregui for her to be free to offer her insights and support. On balance, after considering the circumstances and the § 3553(a) sentencing factors, the Court concludes that it is in the interests of justice to terminate Ms. Jauregui's supervised release.

## ORDER

**IT IS ORDERED that** Linda Jauregui's Motion for Release from Supervised Release (Dkt. 465) is **GRANTED**.

DATED: August 10, 2022

_____
B. Lynn Winmill
U.S. District Court Judge